IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME HALL, | ) | CASE NO. 1:08 CV 1330 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET BRADSHAW, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the petition of Jerome Hall[2] for a writ of habeas corpus under 28 U.S.C. § 2254.[3] Hall is currently incarcerated at the Grafton Correctional Institution,[4] where he is serving a twelve-year sentence for drug trafficking, including a firearm specification, imposed in 2005 by the Cuyahoga County Court of Common Pleas after Hall entered a negotiated plea of guilty.[5]

---

[1] This matter was referred to me pursuant to Local Rule 72.2 by non-document entry dated June 2, 2008.

[2] Hall is listed in the website of the Ohio Department of Rehabilitation and Correction (www.drc.ohio.gov) as "Jerome Hall, Jr.," but the filings in this case do not identify him as "Jr."  I have retained the form as used consistently in this case.

[3] ECF # 1.

[4] Margaret Bradshaw, the named respondent here, is warden at Grafton.  *See*, ECF # 5 at 1.

[5] ECF # 5 at 3 (citing to the state court record).

In this petition, Hall, who is now represented by different counsel than represented him during the plea negotiations or on direct appeal,[6] essentially asserts that his guilty plea was not knowing or voluntary due to ineffective assistance of trial counsel and that he was sentenced under an unconstitutional sentencing scheme.[7]  The State contends that the record established that Hall's plea was knowing, voluntary, and intelligent, and that the Ohio Supreme Court's decision in *State v. Foster*[8] regarding the constitutionality of Ohio's sentencing statute does not apply in this case.[9]

As will be more fully developed below, I will recommend that Hall's petition be denied.

## Facts

### A.    Underlying facts

As found by the state appeals court,[10] the factual background of Hall's case is as follows:

---

[6] ECF # 1 at 5.

[7] *Id*. at 4-5.

[8] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[9] ECF # 5 at 11-23.

[10] Facts found by the state appeals court on its review of the record are presumed true by the federal habeas court and may be rebutted by the petitioner only by clear and convincing evidence.  28 U.S.C § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

According to the case, appellant was arrested on November 13, 2004, by members of the Cleveland Police Department following a controlled buy of crack cocaine by an informant.  He was subsequently indicted by a grand jury on November 19, 2004.  Appellant was named on the first eight counts of the nine-count indictment, criminal Case No. CR 459174.  Count one alleged that appellant sold or offered to sell crack cocaine exceeding one hundred grams in violation of R.C. 2925.03; count two alleged preparation for shipment of the same drugs in violation of R.C. 2925.03; and count three alleged that the appellant possessed that same crack cocaine in an amount exceeding one hundred grams.  All three counts were alleged to have occurred on November 13, 2004, and all three counts contained major drug specifications as well as one- and three-year firearms specifications.  Thus, each of these three counts carried with them a mandatory term of imprisonment of ten years for the underlying felony, plus three years for the firearm specifications.

Counts four, five and six alleged violations of the same code sections but for an amount of crack cocaine between twenty-five and one hundred grams on November 9, 2004.  Thus, each of these three counts carried with them a mandatory term of incarceration of three to ten years in one-year increments.

Count seven alleged a violation of R.C. 2923.24, possession of criminal tools, a felony of the fifth degree, and count eight alleged a violation of R.C. 2923.13, having a weapon while under disability, a felony of the third degree.  Both of these counts were alleged to have occurred on November 13, 2004.

Appellant entered a plea on July 18, 2005.  The prosecutor amended count one by reducing the amount of crack cocaine from more than one hundred grams to between twenty-five and one hundred grams and deleting the one-year firearm specification.  As amended, count one was now a felony of the first degree, with a mandatory term of incarceration from three to ten years.  The plea agreement included a nine-year mandatory term of incarceration for the underlying felony of selling or offering to sell between twenty-five and one hundred grams of crack cocaine, plus consecutively, the three years for the three-year firearm specification, which would total twelve years.  The remaining counts were dismissed on the state's motion.[11]

---

[11] ECF # 5, Attachment 1 [Ohio appeals court decision in *State v. Hall*, Case No. CA05-087059 (Ohio Ct. App. Feb. 1, 2007) (*Hall 1*) in state court record] at 124-25.

**B.      Direct appeal – court of appeals**

Hall initially sought to appeal *pro se* from his conviction and sentence, but, although his notice of appeal was timely filed, the appeal was dismissed for failure to file a brief.[12] Hall thereupon moved to have his appeal reinstated and to have counsel appointed for that appeal.[13] Both motions were granted,[14] and Hall, through newly appointed counsel, then filed a brief raising the following two assignments of error:

1.      The appellant's guilty plea was not a knowing and voluntary plea when the trial court failed to comply with R.11 and O.R.C. 2943.032.  The guilty plea must be vacated as a violation of Due Process under the federal constitution.

2.      The appellant's sentence must be vacated and a new sentencing hearing conducted pursuant to *State v. Foster*, 2006 Ohio 856.[15]

Despite having had counsel appointed, and despite appointed counsel having filed a brief, Hall, *pro se*, then requested[16] and received[17] permission to file a *pro se* supplemental brief raising an addition assignment of error:

3.      Defendant-Appellant was denied the effective assistance of counsel during the guilty pleas [sic] proceeding and at the time of sentencing, when defense counsel's performance of his duties was deficient in that he failed to function as the counsel guaranteed by the Sixth Amendment

---

[12] *See*, ECF # 5, Attachment 1 at 11.

[13] *Id*. at 10-30.

[14] *Id.* at 31.

[15] *Id*. at 33.

[16] *Id.* at 44-46.

[17] *Id*. at 47.

to the United States Constitution, and the Defendant-Appellant was prejudiced by defense counsel's deficient performance.[18]

After the State filed a brief in response to all assignments of error,[19] the Ohio appeals court overruled all assignments of error, specifically finding that Hall's plea was valid, that Hall was sentenced in accordance with the plea agreement, and that Hall's trial counsel was not ineffective.[20]  Hall's motion for reconsideration[21] was denied.[22]

## C.    Direct appeal – Supreme Court of Ohio

Hall, *pro se*, timely filed for review by the Supreme Court of Ohio.[23] In his jurisdictional memorandum, Hall presented three propositions of law:

1.    The trial court violates a defendant's due process rights by accepting a guilty plea without following all the mandatory procedures set forth in Crim. R. 11 and R.C. § 2943.032.

2.    If the trial court imposes an agreed-upon State sentence to be served consecutively to a federal sentence in a manner that violates the tenets of State v. Foster, 2006-Ohio-856, a criminal defendant can appeal the consecutive nature of that sentence to the appeals courts of Ohio.

3.    Trial counsel renders ineffective assistance by failing to object to the imposition of a 3 years prison term for a firearm specification when the criminal defendant has already been charged, convicted and sentenced in Federal Court for the same act, for failing to inform the defendant he

---

[18] *Id*. at 49.

[19] *Id*. at 60-78.

[20] *Id*. at 123-32.

[21] *Id*. at 133-34.

[22] *Id*. at 135.

[23] *Id.* at 136-44.

is subject to have [sic] his state sentence imposed in a consecutive manner if he pleads guilty to the firearm specification and for failing to negotiate whether or not the agreed-upon sentence would be served consecutive to his federal sentence.[24]

The State waived filing a memorandum in response.[25] Without issuing an opinion, the Ohio Supreme Court on June 6, 2007, denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[26] The record does not indicate that Hall then sought a writ of certiorari from the United States Supreme Court.

**D.      Post-conviction motion – motion to withdraw the guilty plea**

Approximately two and a half years after pleading guilty,[27] Hall, acting now through his present counsel, moved the trial court in December, 2007, to withdraw the guilty plea. In this motion Hall argued that his plea was involuntary or unknowing because he was never told prior to accepting the plea deal that he would be required to serve his state sentence consecutive to a previously-imposed federal sentence.[28] Without discussion, the trial court denied the motion.[29]

Hall thereupon appealed the denial of the motion to withdraw, raising a single assignment of error:

---

[24] *Id*. at 137.

[25] *Id*. at 156.

[26] *Id*. at 157.

[27] Hall entered his plea July 18, 2005.  *See*, *id*. at 7.

[28] *See*, *id.* at 158-59.

[29] *Id*. at 164.

Defendant was denied due process of law when his motion to withdraw his plea of guilty was denied without an evidentiary hearing.[30]

The State filed a brief in response,[31] and the appeals court overruled the assignment of error, finding that Hall's claim was barred by the doctrine of *res judicata*.[32]  The Supreme Court of Ohio declined to accept an appeal.[33]  Apparently, Hall has not sought a writ of certiorari from the United States Supreme Court.[34]

## E.      Federal habeas petition

In his federal habeas petition,[35] Hall, through counsel, raises the following four grounds for relief:

---

[30] *Id.* at 168.

[31] *Id*. at 208.

[32] *See*, *State v. Hall*, Case No. 90972, 2008 WL 4599643 (Ohio Ct. App. Oct. 16, 2008) (*Hall II*).

[33] *See*, *State v. Hall*, 121 Ohio St. 3d 1428, ___ N.E.2d ___ (2009).

[34] Hall filed the present petition before this appeal from the denial of the motion to withdraw had been decided.  Although Hall, in his traverse, maintained that "it may be prudent" to stay proceedings here until this appeal was decided in the state courts, *see*, ECF # 6 at 10, the State argued in a reply filed after the Ohio appeals court had ruled on this motion that a stay would not be warranted.  *See*, ECF # 7 at 10.  While it would have been helpful if this Court had been provided with a copy of the appellate decision here, I take judicial notice of the facts of the appellate court opinion concerning the motion to withdraw the plea and of the denial of further review by the Supreme Court of Ohio.  *See*, *Passa v. City of Columbus*, 123 F. App'x 694, 2005 WL 372305, at *3 (6th Cir. 2005) (courts permitted to take judicial notice of a public record whose contents prove facts whose accuracy cannot reasonably be questioned).

[35] ECF # 1.

Ground One:  Fourteenth Amendment

*Supporting Facts*:  Petitioner entered a plea of guilty.  Petitioner's plea was not knowing and voluntary where the court failed to comply with advising defendant concerning certain constitutional rights.

Ground Two:  Fourteenth Amendment

*Supporting Facts*:  Petitioner was sentenced prior to the Supreme Court pronouncement that certain portions of the Ohio sentencing statute were unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  Petitioner was sentenced under an unconstitutional statute and was entitled to a new sentencing hearing.

Ground Three:  Sixth and Fourteenth Amendments

*Supporting Facts*: Petitioner was denied effective assistance of counsel during the proceedings in the Common Pleas Court.  Petitioner's counsel did not perform properly and petitioner was prejudiced by reason of decisions and performance of defense counsel.

Ground Four:  Sixth and Fourteenth Amendment

*Supporting Facts*:  Petitioner filed a motion to vacate his plea.  Petitioner alleged that he was not properly informed concerning the consequences of his plea.  Petitioner was never informed that the court had intended to sentence petitioner to a consecutive sentence to a federal sentence which arose out of the same transaction.  Petitioner was led to believe that he would not be sentenced to a consecutive sentence.  Petitioner's counsel did not advise him or raise that question and therefore petitioner was entitled to withdraw his plea of guilty.[36]

The State, in its return of the writ, argues:  (1) that the record, as quoted by the Ohio appeals court, demonstrates that Hall knowingly, voluntarily and intelligently entered his plea;[37] (2) that Hall is not entitled to re-sentencing since *Foster* does not apply to cases of an

---

[36] *Id.* at 4-5.

[37] ECF # 5 at 11-15.

agreed-upon sentence;[38] (3) that Hall's counsel was not ineffective, as the state appeals court properly applied *Strickland*;[39] and (4) Hall's claim that he did not understand that he could receive a consecutive sentence is "plainly meritless" as the record shows that the trial court so informed him of that possibility and Hall understood the information.[40]

Hall filed a traverse,[41] and the State filed a reply to the traverse.[42]  As previously noted, subsequent to the filing of this petition, the state appeals court also rendered a decision on Hall's appeal from the denial of his motion to withdraw his plea, affirming the decision of the trial court to deny the motion on the grounds of *res judicata*.

## Analysis

**A.    Standard of review**

*1.    AEDPA*

When considering a petition for habeas relief, the federal district court "is not a super appellate court."[43]  Rather, federal habeas relief is limited by statute to cases where the petitioner is in custody pursuant to a judgment of a state court that is in violation of the

---

[38] *Id*. at 15-18.

[39] Id. at 18-22.

[40] *Id*. at 22-23.

[41] ECF # 6.

[42] ECF # 7.

[43] *Langford v. Bradshaw*, No. 1:05-cv-1487, 2007 WL 1299214, at *3 (N.D. Ohio April 30, 2007).

Constitution, laws, or treaties of the United States.[44]  Thus, claims for relief founded on

violations of state law are non-cognizable in a federal habeas proceeding.[45]  Claims founded

on alleged violations of federal law must first be exhausted in state court before being

considered by the federal habeas court,[46] subject to a one-year statute of limitations.[47]

a.      *Federal claim decided on the merits by state court*

        Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as

codified at 28 U.S.C. § 2254(d), an application for a writ of habeas corpus on behalf of a

person in state custody pursuant to a judgment of a state court may not be granted by the

federal habeas court unless the state court's adjudication of the petitioner's federal claim

resulted in (1) a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts as

presented at the state court proceedings.[48]

        Under this test, a federal habeas court may grant the writ pursuant to the "contrary to"

clause if the state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the Supreme Court

---

[44] 28 U.S. § 2254(a).

[45] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[46] *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[47] 28 U.S.C. § 2244(d).

[48] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

on a set of materially indistinguishable facts.[49]  The words "contrary to" should be construed

here to mean "diametrically different, opposite in character or nature, or mutually opposed."[50]

Under the "unreasonable application" clause, the federal habeas court may grant relief

only if the state court first correctly identifies the governing legal principle from the holdings

of the Supreme Court but then unreasonably applies that principle to the facts of the

petitioner's case.[51]  Here, the proper inquiry for the federal habeas court is whether the state

court decision was "objectively unreasonable" and not merely erroneous or incorrect.[52]  The

petitioner bears the burden of showing that the state court correctly identified the governing

principle of federal law in his case but then applied it in an objectively unreasonable

manner.[53]

b.    *Claims asserted as, but not adjudicated as, federal claims in state court*

If the petitioner presented his constitutional claim to the state court, but the state court

resolved the claim "with little analysis of the substantive [federal] constitutional issue,"[54] the

absence of such a substantive state court review of the federal claim "muddles the application

---

[49] *Williams*, 529 U.S. at 405-06.

[50] *Id*. at 405.

[51] *Id*. at 407-08.

[52] *Id*. at 409-11.

[53] *Woodford v. Visciotti*. 537 U.S. 19, 25 (2002).

[54] *Davie v. Mitchell*, 547 F.3d 297, 315 (6th Cir. 2008) (internal quotation marks omitted) (quoting *Vasquez v. Jones*, 496 F.3d 564, 569 (6th Cir. 2007)).

of AEDPA" to the case.[55] However, the Sixth Circuit teaches that in such instances the federal habeas court may nevertheless accord that state court decision a modified level of AEDPA deference.[56]

As stated by the Court in *Cobbin v. Hudson*,[57] the "gist of circuit precedent" is that if the state court rendered a decision on the federal claim, but did so either with little analysis or simply by form order, the state decision should be accorded limited or modified deference by the federal habeas court.[58] Specifically, Sixth Circuit teaching holds that the federal court must conduct a careful review of the record and applicable law, but nevertheless bars the court from reversing the state decision unless it is either contrary to, or an unreasonable application of, clearly established federal law.[59] When the state court decision resolving the constitutional claim is based purely on state law without citation to federal law, the federal habeas court still accords the state decision modified deference under the AEDPA but considers only if the decision is contrary to clearly established federal law.[60] Where the state court's analysis may be discerned and examined for any similarity to that used by clearly

---

[55] *Blalock v. Wilson*, No. 07-3373, 2009 WL 938700, at *11 (6th Cir. April 8, 2009).

[56] *Davie*, 547 F.3d at 315; *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007) (citing *Maldonado v. Wilson*, 416 F.3d 470, 474 (6th Cir. 2005)).

[57] *Cobbin v. Hudson*, No. 1:05-cv-2809, 2008 WL 552484 (N.D. Ohio Feb. 26, 2008).

[58] *Id*., at *15 (citations omitted).

[59] *Davie*, 547 F.3d at 315; *Bey*, 500 F.3d at 520; *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006); *Maldonado*, 416 F.3d at 476.

[60] *Bey*, 500 F.3d at 520.

-12-

established federal law applicable to the claim, modified or limited deference would be employed as to whether the state court decision was an unreasonable application of federal law.[61]

If, however, the state court rendered no decision on a constitutional claim before it, "any attempt to determine whether the state court decision was 'contrary to, or involved an unreasonable application of clearly established federal law' would be futile."[62]  Since AEDPA applies, by its own terms, only to claims adjudicated on the merits in state court, where the state court never ruled on the merits of a constitutional claim before it, "the deference due under AEDPA does not apply,"[63] and the constitutional claim must be reviewed *de novo* by the federal court.[64]

## 2.    *Guilty plea*

"A plea of guilty is more than a confession which admits the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."[65]

Accordingly, because a guilty plea precludes the exercise of significant constitutional rights associated with trial, it is well-settled that a plea of guilty will be considered valid only if it is entered voluntarily, knowingly, and intelligently, since the plea operates as a waiver

---

[61] *Maldonado*, 416 F.3d at 476 (citing *Howard v. Bouchard*, 405 F.3d 459 (6th Cir. 2005)).

[62] *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) (internal citations omitted).

[63] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[64] *Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

[65] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

of those rights.[66]  Thus, when a defendant has been convicted and sentenced as a result of a

guilty plea, that plea, if valid, waived any claims arising from the alleged deprivation of

constitutional rights that may have occurred prior to the entry of the plea.  As the Supreme

Court has stated:

> When a criminal defendant has solemnly admitted in open court that he
> is in fact guilty of the offense with which he has been charged, he may not
> thereafter raise independent claims related to the deprivation of constitutional
> rights that occurred prior to the entry of the plea.  *He may only attack the
> voluntary and intelligent character of the guilty plea ....*"[67]

Whether a plea was voluntarily, knowingly and intelligently made is determined by

evaluating the totality of the circumstances.[68]  The state bears the burden of showing that a

plea was valid.[69]  Customarily, this burden is discharged by producing the transcript of the

plea hearing.[70]

To be considered a "knowing" plea, the Constitution requires, among other factors,

that the defendant be informed of all direct consequences of a plea.[71]  The maximum possible

sentence is a direct consequence of a plea,[72] but neither a conviction's possible enhancing

---

[66] *Id*; *Bousely v. United States*, 523 U.S. 614, 618 (1998); *see also*, *Bradshaw v.
Stumph*, 545 U.S. 175, 183 (2005).

[67] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added).

[68] *Boykin*, 395 U.S. at 242-44 (1969).

[69] *Id*. at 242.

[70] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[71] *Brady v. United States*, 397 U.S. 742, 755 (1970).

[72] *Hart v. Marion Corr. Inst*., 927 F.2d 256, 259 (6th Cir. 1991).

-14-

effect on subsequent sentences,[73] nor eligibility for parole,[74] are direct consequences of a plea.

It is well-settled that a plea may be found unintelligent or not knowingly entered if it was induced by the ineffective assistance of counsel.[75]  To prevail on a claim that a plea was not entered knowingly or intelligently due to ineffective assistance of counsel, the defendant must establish ineffective assistance according to the well-known rubric set forth in *Strickland v. Washington*.[76]

In the context of a guilty plea, *Strickland* requires that the petitioner show both that counsel rendered constitutionally defective representation during the plea process and that such deficient representation resulted in prejudice to the defendant.[77]  Specifically, to prove prejudice under *Strickland* in the circumstances of a guilty plea, the petitioner must establish that there is a reasonable probability that, but for his attorney's errors, he would not have entered the plea but would have insisted on going to trial.[78]  If the petitioner cannot show prejudice from his attorney's actions, the court is not required to also address the first prong of *Strickland* – whether those actions were constitutionally competent.[79]

---

[73] *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

[74] *McAdoo*, 365 F.3d at 495.

[75] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[76] *Id*. at 57-58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[77] *Id.* at 58-59.

[78] *Id*. at 59; *Maples*, 340 F.3d at 440.

[79] *Strickland*, 466 U.S. at 697.

-15-

In addition, a federal habeas court considering a challenge to an Ohio sentence imposed pursuant to a plea agreement must give effect to the bargained-for sentence.  As federal district courts in Ohio have held, Ohio law explicitly provides that a sentence authorized by law and agreed-to by the defendant is protected from appellate review.[80]

**3.      *Consecutive sentences***

In Ohio, the imposition of consecutive sentences had been governed by the teaching of the Supreme Court of Ohio in *State v. Foster*.[81]  In *Foster*, the Ohio Supreme Court found that because imposing consecutive sentences in Ohio statutorily required judicial fact-finding, those aspects of the statute "are unconstitutional when measured against the Sixth Amendment principles established in *Blakely*." [82]

However, subsequent to *Foster*, the United States Supreme Court has decided *Oregon v. Ice*,[83] wherein it found that a state sentencing statute that provides for the imposition of consecutive sentences based on judicial fact-finding does not violate *Blakely*. Specifically, the *Ice* Court held that the Sixth Amendment does not preclude states from

---

[80] *See*, *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976, at *16 (S.D. Ohio April 10, 2008) (citation omitted).

[81] *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470.

[82] *Id.*, 109 Ohio St. 3d at 18, 845 N.E.2d at 489 (citing *Blakely v. Washington*, 542 U.S. 296 (2004)).

[83] *Oregon v. Ice*, __ U.S. __, 129 S. Ct. 711 (2009).

assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences.[84]

Morever, while *Ice* arose only in the context of consecutive sentences for state crimes, it has been applied by the Sixth Circuit to circumstances where a federal court imposed a federal sentence to run consecutively to an undischarged state sentence.[85]  In this context, the Sixth Circuit found that the federal court's imposition of a federal sentence to run consecutively with a state sentence "did not violate Defendant's Sixth Amendment rights under *Booker*."[86]

## B.    Application of standards

### 1.    *Preliminary issues*

Before proceeding to address Hall's specific claims, I make some preliminary observations.  I note first that the State concedes that Hall's petition is timely filed under the AEDPA one-year limitations period.[87]   As the State notes, Hall timely appealed his conviction and sentence on direct review until the Supreme Court of Ohio denied his appeal on June 6, 2007.  This federal habeas petition was filed June 2, 2008, and so is timely.

Further, although the State originally appeared to argue that Hall's claim as to the voluntary nature of his plea might not have been exhausted while the state appeal of the

---

[84] *Ice*, 129 S. Ct. at  714-15.

[85] *United States v. Rainer*, No. 07-5104, 2009 WL 323134, at *2 (6th Cir. Feb. 11, 2009).

[86] *Id*. (citing *Ice*, 127 S. Ct. 711).

[87] *See*, ECF # 5 at 7.

-17-

denial of the motion to withdraw was still pending[88] (a position Hall implicitly seems to agree with),[89] I recommend finding that, because this state court proceeding has now been concluded, exhaustion is not an issue in this matter.

In addition, while Hall in his petition does not specifically request an evidentiary hearing, he does, in a catch-all phrase at the conclusion of the petition, ask this Court to grant him any "relief to which he may be entitled to [in] this proceeding."[90]  Accordingly, in the interest of thoroughness, I recommend finding that an evidentiary hearing not be conducted. As the Supreme Court stated in *Schriro v. Landrigan*,[91] "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[92]

Finally, I observe that while Hall has framed this petition as four claims for relief, tracking his claims in state court, the federal habeas petition may properly be understood by this Court as stating just two claims:  (1) that his guilty plea was not voluntary or knowing due to ineffective assistance of counsel and/or the actions of the trial court; and (2) that his sentence violated the clearly established federal law of *Blakely* and *Apprendi* as applied in Ohio by *Foster*.

---

[88] *Id*. at 7-9.

[89] *See*, ECF # 6 at 10.

[90] ECF # 1 at 6.

[91] *Schriro v. Landrigan,* 550 U.S. 465 (2007).

[92] *Id*. at 474 (citation omitted).

-18-

In this regard, it is important to note that the federal habeas court may not review any claim that the state court abused its discretion or otherwise violated state law by refusing to permit Hall to withdraw his guilty plea.[93]  As noted, the only bases upon which this Court may grant habeas relief is a showing that Hall's plea was not voluntary, intelligent, or knowing, or that requiring his state sentence be served consecutively to his federal sentence violates the Constitution.

**2.**    ***The decision by the Ohio appeals court that Hall's plea was voluntary, knowing, and intelligent was not an reasonable application of, or contrary to, clearly established federal law.***

Hall's claim centers on his argument that "he never agreed to serve a consecutive sentence to the federal sentence and he was misled concerning the representations made concerning a consecutive twelve (12) year sentence to the federal sentence; that had he known that the court would sentence him consecutively, he would not have entered a plea of guilty."[94]  The state court, in *Hall I*, concluded, based on *Strickland*, that Hall's counsel and the trial court had not misled Hall, since both explained to Hall on the record that because the United States and the State of Ohio are separate jurisdictions with their own separate criminal laws, they may convict and sentence him separately for violations of their respective statutes.[95]

---

[93] *See*, *Paige v. Moore*, No. 1:07-cv-969, 2008 WL 782587, at *5 (N.D. Ohio March 24, 2008); *Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

[94] ECF # 6 at 3.

[95] ECF # 5, Attachment at 126-27.

-19-

Specifically, the Ohio appeals court found:

> Appellant was asked by the trial court whether he had any questions. Appellant stated that he did not understand how he was being charged both federally and by the state for the firearm.  His defense counsel told the court how he had explained this to appellant, and the trial court again explained to appellant why he was prosecuted in both jurisdictions.  After the trial court's explanation, appellant stated, "Okay. I understand." He had no more questions.[96]

Here, Hall seems to be making a slightly different argument that, while he might have understood that both jurisdictions could prosecute him, he did not know, or agree, that his sentences from both would be served consecutively.

I note initially that regardless of whether this argument is new here and so not fairly presented to the Ohio courts, it is without merit.  Plainly, as stated above, to be valid, Hall's plea must have been entered with knowledge of the maximum sentence consequential to that plea.  In this case, the colloquy quoted by the state court shows that Hall had such knowledge.  In fact, he knew (and the records shows, understood) in the first instance that he was facing separate penalties from both the State of Ohio and the United States, since each were separate sovereignties.  He further already knew at the time he entered his plea what the penalty from the United States was and what the penalty he agreed-to from the state

---

[96] *Id.*

-20-

would be.[97]  In sum, the record shows that Hall, prior to entering his plea, understood the maximum sentence he was facing, including the length of a consecutive sentence.

I note further that Hall's contention that "he was led to believe" that there would be no consecutive sentence here[98] finds no support in the record.  In fact, the record of the sentencing hearing shows that Hall had not been led to believe prior to the plea that he could expect concurrent sentences.  During the sentencing hearing, defense counsel, in addressing the trial court, states:

> And the only thing we would *ask* the Court to do is, in imposing the twelve-year sentence, that the Court run it concurrent with the federal sentence that he is under, which is for seventy months for the gun that was found in this particular incident.[99]

Hall, shortly after that statement, himself told the trial court:

> Your Honor, can I say one last thing?  I mean, it's like – I disagree with it [a consecutive sentence].  I would like for you to sentence me, I mean, as far as not a joint thing, a joint sentence.[100]

As this record demonstrates, had Hall been promised a concurrent sentence, his counsel would not have raised the issue as a request to the court but, rather, would have

---

[97] *See*, *id*. at 213 ("[The prosecutor: 'Your honor, there is an agreed-to sentence here, if it is acceptable to this Court, and that is that Mr. Hall agrees to a 9-year mandatory term of incarceration for the underlying felony of selling or offering to sell between 25 and 100 grams of crack cocaine, plus consecutively, the 3 years for the 3-year firearm spec, which would be a total of 12 years."); *see also*, *id.* at 215 ("[Defense counsel]:  Judge, that's a correct statement of the plea agreement.").

[98] ECF # 1 at 5.

[99] ECF # 5, Attachment at 224.

[100] *Id*. at 237.

expected consecutive sentences as part of the plea deal and demanded such a sentence from the court as part of the bargained-for deal.  Clearly, he did not.  Similarly, if Hall had been fully expecting to receive concurrent sentences as a result of what he had been led to believe by counsel, he, too, would have reacted to a consecutive sentence by insisting to the court that he received his "deal" in this regard and not merely voiced his personal "disagreement" with the decision of the trial court.  Hall's comment on the record that he "would have liked" to receive something other than what he did receive is no evidence that he had been promised concurrent sentences by his counsel as part of the plea deal.

Accordingly, I recommend finding that Hall's plea was voluntary and intelligent, not induced by a promise of concurrent sentences, and that the state appeals court decision in this regard was not an unreasonable application of *Strickland*, nor contrary to it.

**3.    *The imposition of a state sentence to be served consecutively to a federal sentence does not violate the Sixth or Fourteenth Amendments.***

As *Ice* and the Sixth Circuit decision in *Rainer* show, there is no constitutional violation when a criminal defendant is sentenced to consecutive sentences, even where the sentences involve state and federal convictions.  Thus, apart from the issue addressed above of whether Hall was misled on the subject of consecutive sentences, there can be no claim here founded on the imposition of consecutive sentences of themselves.

While it is unclear in the record how this claim raised in this way was ever presented to or adjudicated by the state court, the decisions cited above make it clear that Hall has no basis for habeas relief on the grounds that the consecutive sentences, *per se*, violate the Constitution.

-22-

Accordingly, considering this claim *de novo*, I recommend finding that Hall's claim that having his state sentence run consecutively with his federal sentence violates *Foster* and, thus, is unconstitutional and without merit.

## Conclusion

For the foregoing reasons, I recommend that the petition of Jerome Hall for a writ of habeas corpus be denied and that no evidentiary hearing be conducted.


Dated:   June 3, 2009                          s/ William H. Baughman, Jr.
                                               United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[101]

---

[101] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).