UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
JEROME HALL,                                    :          CASE NO. 1:08-CV-1330
                                                :
                  Petitioner,                   :
                                                :
vs.                                             :          ORDER & OPINION
                                                :          [Resolving Docs. No. 1, 5, 6, 7, 11]
MARGARET BRADSHAW, Warden,                      :
                                                :
                  Respondent.                   :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        On June 2, 2008, Petitioner Jerome Hall filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  [Doc. 1.]  With his petition, Hall seeks relief from the judgment and sentence

that an Ohio state court imposed following his guilty plea and conviction on one count of drug

trafficking with a firearm specification.  [*Id.*]  Respondent Warden Margaret Bradshaw opposes the

petition.  [Docs. 5, 7.]

        On June 6, 2009, Magistrate Judge William H. Baughman, Jr. filed a Report and

Recommendation that recommended the Court deny the Petitioner's writ.  [Doc. 8.]  The Petitioner

objects to the Magistrate Judge's Report and Recommendation.  [Doc. 11.]  For the reasons provided

below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES**

Hall's petition for a writ of habeas corpus.

## I.  Background

        In this habeas action, Petitioner Jerome Hall challenges the constitutionality of his state court

conviction and sentence under the Sixth and Fourteenth Amendments.  The petitioner alleges (1) that

his guilty plea was not knowing and voluntary because the trial court failed to inform him of certain

Case No. 1:08-CV-1330
Gwin, J.

constitutional rights; (2) that the sentence imposed by the state court was unconstitutional under

*Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as

applied by the Ohio Supreme Court in *State v. Foster*, 845 N.E.2d 470 (2006), because it was to be

served consecutively to a previously-imposed federal sentence; (3) that his trial counsel was

ineffective during his guilty plea and sentencing proceedings; and (4) that he should have been

allowed to withdraw his plea because he was not informed of the full consequences of his plea--

namely that his state sentence would be imposed consecutively to a previously-imposed federal

sentence.[1/] [Doc. 1 at 3-4.]

On November 19, 2004, a Cuyahoga County grand jury indicted Petitioner Hall on eight

counts related to his trafficking in crack cocaine.  [Doc. 5-1 at 4-8.]  On July 18, 2005, Hall entered

a plea of guilty to an amended Count One of the Indictment. [*Id.* at 10.]  Pursuant to a plea

agreement, the prosecutor moved to amend Count One to reduce the amount of crack cocaine

involved, eliminating a major drug offender specification, and to remove one of the two firearm

specifications in that Count. [*Id.*; Doc. 5-2 at 4-6.]  The prosecutor also moved to dismiss Counts

2-8 of the Indictment.  [*Id.*]  Hall accordingly pled guilty to one count of selling between 25-100

grams of crack cocaine with a three-year firearm specification for displaying a firearm during the

commission of the offense.  [Doc. 5-1 at 10; Doc. 5-2 12-13.]  Hall's attorney indicated agreement

with the prosecutor that pursuant to the plea bargain, Hall had agreed to a nine-year term of

imprisonment on the drug trafficking charge to be served consecutively to the three years of

---

[1/]While Hall states Four Grounds for Relief in his habeas petition, in his Traverse and Brief, he combines his First and Fourth Grounds for relief, generally challenging the validity of his guilty plea. [Doc. 6 at 2-6.  *See also id.* at 9 ("Petitioner, for his fourth ground for relief essentially incorporates those allegations made in the first ground for relief concerning his attempt to withdraw and vacate his plea").] Accordingly, this Court will consider Hall's First and Fourth grounds for relief as a single claim.

Case No. 1:08-CV-1330
Gwin, J.

imprisonment for the firearm specification, resulting in twelve years total imprisonment.  [Doc. 5-2 at 7.]

On August 25, 2005, Judge Corrigan of the Cuyahoga County Common Pleas Court sentenced Petitioner Hall to twelve years of imprisonment: three years on the firearm specification to be served prior to and consecutive to nine years on the drug trafficking charge.  [Doc. 5-1 at 11.] Judge Corrigan imposed the state sentence to run consecutively to Hall's previously-imposed federal sentence of 70 months in Case No. 1:05-CR-18 (N.D. Ohio 2005) for having been a felon in possession of a firearm in violation of 18 U.S.C. 922(g).  [Id.]

Hall filed a Notice of Appeal.  Before the Ohio appellate court, Hall filed an appellate brief on July 17, 2006, bringing two assignments of error: (1) that his plea was not knowing and voluntary, and must therefore be vacated as a violation of Due Process, because the trial court failed to comply with Ohio Crim. R. 11 and Ohio Rev. Code § 2943.032; and (2) that his sentence should be vacated pursuant to the Ohio Supreme Court's holding in *State v. Foster*, 845 N.E.2d 470 (2006), because the Ohio trial judge ordered his state court sentence be served consecutively to his federal sentence. [*Id.* at 39-43.]  Hall then filed a motion for leave to file, *pro se*, a supplemental assignment of error, alleging that his trial counsel was ineffective for: (1) failing to object to and properly advise Hall regarding the firearm specification; (2) failing to negotiate a plea agreement that would "nail down" whether his state sentence was to be imposed concurrently or consecutively to his federal sentence; (3) failing to inform Hall of the possible sentences he was facing; and (4) failing to object to the imposition of consecutive sentences under *Blakely*, *Apprendi*, and/or *Foster*.  [*Id.* at 56-61.]

The Court of Appeals granted Hall's motion for leave [*Id.* at 50], but denied Hall relief on all three claims of error and affirmed the judgment of the trial court.  [*Id.* at 126-135.]  The court

Case No. 1:08-CV-1330
Gwin, J.

found that the record demonstrated that Hall's plea was knowing and voluntary.  [*Id.* at 129-130.]
The court further held that "an appellant waives any arguments under *Apprendi*, *Blakely*, and their
progeny through a jointly recommended sentencing agreement," that agreed-upon sentences are not
subject to *Foster*'s mandate to vacate certain sentences, and that it did not have jurisdiction to review
Hall's sentence.  [*Id.* at 131-32.] Finally, applying the test set forth in *Strickland v. Washington*, 466
U.S. 668 (1984), the court found that Hall's trial counsel's performance was not constitutionally
defective and that Hall was not prejudiced by his counsel's performance.  [*Id.* at 134.]

Hall filed a motion to reconsider, arguing that the Appeals Court misunderstood his second
assignment of error because he had not agreed as part of his plea bargain to have the state sentence
imposed consecutively to the federal sentence. [*Id.* at 137.] The Court of Appeals denied the motion
for reconsideration on February 9, 2007.  [*Id.* at 138.]  Hall then appealed to the Ohio Supreme
Court, raising three questions of law: "(1) Does the trial court violate a defendant's due process
rights by accepting a guilty plea without following all the mandatory procedures set forth in Crim.
R. 11 and Ohio R.C. §2943.032; (2) If the trial court imposes an agreed–upon State sentence to be
served consecutively to a Federal sentence in a manner that violates the tenants [sic] of *State v.
Foster*, 2006-Ohio-856, can a criminal defendant appeal the consecutive nature of that sentence to
the Appeal Courts of Ohio; and (3) Does trial counsel render ineffective assistance by failing to
object to the imposition of a 3 year prison term for a firearm specification when a criminal defendant
has already been charged, convicted and sentenced in Federal Court for the same act, for failing to
inform defendant he is subject to have his state sentence imposed in a consecutive manner if he
pleads guilty to the firearm specification and for failing to negotiate whether or not the agreed upon
sentence would be served consecutive to this federally imposed sentence." [*Id.* at 141.]  The Ohio

-4-

Case No. 1:08-CV-1330
Gwin, J.

Supreme Court denied leave to appeal and dismissed the appeal on June 6, 2007, finding that Hall

had not raised a substantial constitutional question.  [*Id.* at 160.]

On December 21, 2007, through his current counsel, Hall filed a post-conviction motion to

withdraw his guilty plea.  [*Id.* at 161.]  In this motion, Hall argued that he was misled concerning

whether his state sentence would be imposed consecutively to his federal sentence, and that had he

known that the court would sentence him consecutively, he would not have entered a plea of guilty.

[*Id.* at 161-62.]  The Court of Common Pleas denied Hall's motion to withdraw his guilty plea,

without comment, on December 28, 2007.  [*Id.* at 167.]

Hall appealed to the Court of Appeals, alleging a single assignment of error: that he was

denied due process of law when his motion to withdraw his guilty plea was denied without an

evidentiary hearing.  [*Id.* at 175.]  The Court of Appeals held that res judicata stopped Hall from

seeking withdrawal of his guilty plea in a post-conviction motion and affirmed the judgment of the

trial court.  *State v. Hall*, 2008 WL 4599643 (Ohio App. Oct. 16, 2008).  The Ohio Supreme Court

denied review on March 25, 2009.  *State v. Hall*, 903 N.E.2d 326 (Ohio 2009).[2/]

On June 2, 2008, while the appeal of his motion to withdraw was still pending before the

appellate court, Hall filed a federal habeas petition, which is now before the Court.  [Doc. 1.]  In his

habeas petition, Hall raises four grounds for relief: (1) his guilty plea was not knowing and voluntary

because the court failed to advise him of certain constitutional rights; (2) he was sentenced under an

unconstitutional statute and entitled to a new sentencing hearing under *State v. Foster*, 845 N.E.2d

---

[2/]As Magistrate Baughman notes, Hall filed his habeas petition while the appeal from the denial of the motion to withdraw was still pending, and thus the appellate court opinions on the motion to withdraw are not part of the state record provided to the court. [Doc. 8 at 7, n. 34.]  However, this Court also takes judicial notice of the facts of the appellate court opinions concerning the motion to withdraw.

Case No. 1:08-CV-1330
Gwin, J.

470 (2006); (3) he was denied effective assistance of counsel in the trial court proceedings; and (4) he is entitled to withdraw his plea because he did not know that his state sentence would be imposed consecutively to his federal sentence. [Doc. 1 at 3-4.] The habeas petition was automatically referred to Magistrate Judge William H. Baughman for a Report and Recommendation.

Respondent Bradshaw, in her Answer and Return of the Writ, argues that Petitioner Hall should be denied relief on all grounds because: (1) the state court record demonstrates that Hall knowingly, voluntarily, and intelligently pleaded guilty; (2) Hall was not entitled to re-sentencing because *State v. Foster* does not apply to agreed-upon sentences; (3) Hall's trial counsel was not constitutionally ineffective; and (4) the trial court informed Hall and Hall demonstrated an understanding that his sentence could be imposed consecutively. [Doc. 5 at 11-23.] Petitioner Hall filed a Traverse to the Return of the Writ [Doc. 6] and the Respondent filed a Reply to the Traverse. [Doc. 7.]

On June 3, 2009, Magistrate Judge Baughman issued his Report and Recommendation, recommending that Hall's petition for a writ of habeas corpus be denied. [Doc. 8.] Magistrate Judge Baughman grouped Petitioner Hall's grounds for relief into two claims: "(1) that his guilty plea was not knowing or voluntary due to ineffective assistance of counsel and/or the actions of the trial court; and (2) that his sentence violated the clearly established federal law of *Blakely* and *Apprendi* as applied in Ohio by *Foster*." [*Id.* at 18.] Magistrate Judge Baughman recommended denying relief on each ground, finding that the Ohio appeals court's decision that Hall's plea was knowing, voluntary, and intelligent was not contrary to, or an unreasonable application of, clearly established federal law; and that the trial court's imposition of his state sentence consecutive to his federal sentence does not violate the Federal Constitution, as established in *Oregon v. Ice*, 129 S.Ct. 711

-6-

Case No. 1:08-CV-1330
Gwin, J.

(2009).  [Doc. 8 at 19-23.]  Petitioner Hall objected to the findings of the Report and Recommendation.  [Doc. 11.]

## II.  Legal Standard

*A. Federal Magistrates Act*

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1).  Here, the Petitioner has filed objections to each of the Magistrate Judge's recommendations, and this Court therefore reviews *de novo*  Magistrate Judge Baughman's Report and Recommendation in its entirety.

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as

Case No. 1:08-CV-1330
Gwin, J.

of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  Meanwhile, under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.  The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Where a state court did not adjudicate a federal constitutional claim on the merits, however, AEDPA deference does not apply. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008).  In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error. *Evans,* 575 F.3d at 564; *Brown*, 551 F.3d at 430; *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

### III.  Analysis

*A. First Ground for Relief: Hall's Guilty Plea was Not Knowing and Voluntary*

Hall first contends that his guilty plea was not knowing, voluntary, or intelligent because the trial court failed to advise him of certain constitutional rights and because he was "led to believe" that he could not be sentenced consecutively for his state and federal convictions.[3/]  Hall first challenged the validity of his guilty plea on direct appeal to the Ohio Court of Appeals.  The state appeals court found that during the plea colloquy, Hall indicated that no promises or threats had

---

[3/]As recognized by Magistrate Judge Baughman, in Hall's Traverse and Brief he conflates his First, Second and Fourth grounds for relief in a general discussion of why his plea is invalid. [Doc. 6 at 2-7.] As noted above, this Court will consider Hall's First and Fourth Grounds for relief together as challenging the validity of his guilty plea.  The Court will consider Hall's ineffective assistance claim separately as the Third Ground for Relief.

Case No. 1:08-CV-1330
Gwin, J.

induced his plea and that the trial court properly advised Hall regarding post-release control. [Doc.

5-1 at 130.] The Court of Appeals of Ohio further noted that:

> Appellant was asked by the trial court whether he had any questions.  Appellant
> stated that he did not understand how he was being charged both federally and by the
> state for the firearm.  His defense counsel told the court how he had explained this
> to appellant, and then the trial court again explained to appellant why he was
> prosecuted in both jurisdictions.  After the trial court's explanation, appellant stated,
> "Okay.  I understand."  He had no more questions.

[*Id.*]  The court concluded that Hall's guilty plea was therefore knowing and voluntary.

The United States Supreme Court has recognized that because a guilty plea includes a waiver

of certain constitutional rights, it is "a grave and solemn act" that must be performed voluntarily,

intelligently, and knowingly.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  The determination

of whether a plea was knowingly and intelligently made depends on the particular facts and

circumstances of each case.  *See Johnson v. Zerbst*, 304 U.S. 458, 463 (1930).  A trial judge may not

accept a defendant's guilty plea without an affirmative showing that it was intelligent and voluntary.

*Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  Once a guilty plea is challenged, the government

bears the burden of proving that it was valid.  *Id.*  Such a showing is generally satisfied by the

government's production of a transcript of the state court proceeding.  *McAdoo v. Elo*, 365 F.3d 487,

494 (6th Cir. 2004).

In order for a plea to be knowing and intelligent, the defendant must have at least a

"sufficient awareness of the relevant circumstances and likely consequences" of his plea.  *Brady*,

397 U.S. at 748.  Hall claims that his plea was not knowing and intelligent because he did not know

that his state sentence would be imposed consecutively to his federal sentence.  In making this

argument, Hall relies on the Sixth Circuit's opinion in *Hart v. Marion Correctional Institution*, in

Case No. 1:08-CV-1330
Gwin, J.

which the court found Hart was entitled to habeas relief because both trial counsel and the trial court

incorrectly informed Hart that his maximum period of incarceration would be 15 years if he pled

guilty, when it was in fact seventy-five years.  927 F.2d 256, 258 (6th Cir. 1991).  Hall's reliance on

*Hart* is misplaced because the record in this case does not indicate that either the trial court or trial

counsel misinformed Hall of his potential sentence prior to his entering of a guilty plea.[4]

      The plea hearing transcript shows that the Prosecutor stated that the parties had come to an

agreement that Hall would serve nine years on the drug charge consecutive to three years on the

firearm specification; that all other charges would be dismissed; and that there had been "no threats

or promises by any member of [her] office or the investigating law enforcement agency in order to

induce the anticipated change in plea." [Doc. 5-2 at 5-6.]  In Hall's presence, Hall's attorney

indicated that those were the terms of the plea agreement.  [*Id.* at 7.]  During his plea colloquy, Hall

further indicated that nobody, including his attorney, had made any promises or threats, or offered

him anything else, other than what was contained in the plea agreement.  [*Id.* at 8.]  As noted above,

upon being asked if he had any questions, Hall said he didn't understand how he was being charged

for the firearm in both federal and state courts.  [*Id.* at 11.]  The state judge replied:  "...[T]here's a

legal concept called dual sovereignty which allows the federal government to separately charge and

prosecute for crimes because they are a separate governmental operation than is the state of Ohio."

[*Id.*]  Following the judge's explanation, Hall indicated that he understood and proceeded to change

his plea to one of guilty. [*Id.* at 11-13.]

---

      [4]The Court also notes that *Hart* was decided under the pre-AEDPA standard of review, which did not require federal courts to be as deferential to state court findings as does the current standard.  *Hart*, 927 F.2d at 259.

Case No. 1:08-CV-1330
Gwin, J.

The record shows that the trial judge explained to Hall that the federal and state prosecutions were separate.  It further shows no evidence of any representation by the court, prosecutor, or Hall's attorney that Hall would be sentenced concurrently for his state and federal crimes.  Therefore, the Court finds that the state court did not err in finding that Hall knowingly and intelligently entered his guilty plea.   "A federal court may grant habeas relief only where the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.'"  *McAdoo v. Elo*, 365 F.3d 487, 497 (6th Cir. 2004)(quoting 28 U.S.C. § 2254(d)).  Considering the record here, the Court cannot say that the state court's determination that Hall's plea was knowing and voluntary was unreasonable.[5/]

*B. Second Ground for Relief: Imposition of Consecutive Sentences was Unconstitutional*

In his second ground for relief, Hall claims that the state court's imposition of his state sentence consecutively to his federal sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), as applied by the Ohio Supreme Court in *State v. Foster*, 845 N.E.2d 470 (2006).  Petitioner Hall first raised this argument on direct appeal to the Ohio Court of Appeals, but that court found that *Foster* did not apply to agreed-upon sentences and that it did not have jurisdiction to review bargained-for sentences that were not

---

[5/]The Court notes that there is a question as to whether the Ohio courts considered on the merits the argument Hall is currently advancing.  While Hall did challenge his guilty plea on direct appeal, he did not specifically raise the issue of being uninformed of the consecutive nature of his sentences until his post-conviction motion to withdraw his guilty plea.  The Ohio Court of Appeals affirmed the trial court's denial of the post-conviction motion as barred by the doctrine of res judicata because the claim could have been, or was, previously raised on direct appeal.  *State v. Hall*, 2008 WL 4599643, at *2 (Ohio App. Oct. 16, 2008).   To the extent this ground for relief alleges claims that were not considered on direct appeal, such claims fail as procedurally defaulted because the Ohio court denied Hall's post-conviction motion on an independent and adequate state-law ground, and Hall presents no evidence of cause and prejudice or manifest injustice.  *See House v. Bell*, 547 U.S. 518, 536 (2006); *Stewart v. Smith*, 536 U.S. 856, 861 (2002);  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) *Harris v. Reed*, 489 U.S. 255, 260 (1989;) *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).

Case No. 1:08-CV-1330
Gwin, J.

contrary to law. [Doc. 5-1 at 131.]  The state court concluded that, because Hall had agreed to serve

the 9-year sentence on the drug charge consecutive to the 3-year firearm specification, *Foster*,

*Apprendi*, and *Blakely* were inapplicable.  [*Id.* at 131-32.]  However, as Hall accurately argued in

his motion for reconsideration, the appeals court did not consider the issue of his state sentence being

imposed consecutively to his federal sentence, which Hall argued was not part of the agreement. [*Id.*

at 137.]  The court denied Hall's motion for reconsideration.  [*Id.* at 138.] Because the state court

did not consider this claim on the merits, despite Hall's properly raising the claim on direct appeal,

this Court will review Hall's *Apprendi*/*Blakely* claim under the pre-AEDPA standard of review.  *See*

*Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009).

        "[*Apprendi* and *Blakely*] hold that it is within the jury's province to determine any fact (other

than the existence of a prior conviction) that increases the maximum punishment authorized for a

particular offense." *Oregon v. Ice*, 129 S.Ct. 711, 714 (2009).  In *State v. Foster*, the Ohio Supreme

Court interpreted these cases to render parts of Ohio's sentencing scheme unconstitutional.  845

N.E.2d 470 (2006).  The *Foster* court held that Ohio statutes that required judges to make factual

findings before imposing maximum, non-minimum, or consecutive sentences violated the Sixth

Amendment right to a jury trial.  *Id.* at 490-91.  The court found that the proper remedy was to sever

the unconstitutional provisions.  *Id.* at 496-98.  Hall argues that because he was sentenced under one

of the Ohio provisions that the Ohio Supreme Court later found unconstitutional in *Foster*, his

sentence is invalid.

        While Petitioner Hall's argument may have had merit at the time he filed this habeas petition,

the Supreme Court has since held in *Oregon v. Ice* that a state sentencing scheme in which judges

are required to find certain facts before imposing consecutive, rather than concurrent, sentences does

-12-

Case No. 1:08-CV-1330
Gwin, J.

not violate the Sixth Amendment.  129 S.Ct. at 714-15.  The Supreme Court held that, because the decision to impose sentences consecutively or concurrently is not traditionally within the exclusive province of the jury, *Apprendi* and *Blakely* should not be extended to invalidate statutes which assign to judges fact-finding necessary to impose consecutive sentences.  *Id.* at 716-20.  Under *Ice*, Hall's claim that his sentence to consecutive terms based on judge-found facts violates *Apprendi* and *Blakely* is meritless.[6/]  *See Evans*, 575 F.3d at 566.  Accordingly, this Court finds that Petitioner Hall is not entitled to relief on this claim.[7/]

*C. Third Ground for Relief: Ineffective Assistance of Trial Counsel*

Finally, Hall alleges that he has been denied effective assistance of counsel, based upon his counsel's failure to advise Hall that the state court could impose a sentence consecutive to that imposed by the federal court.  To prevail on a habeas claim that counsel's assistance was constitutionally ineffective, a movant must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that counsel's performance was deficient by demonstrating that "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland,* 466 U.S. at 687.  In evaluating this claim, the Court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . [, keeping in mind] that counsel's function, as elaborated in prevailing professional norms, is to make the

--------------------------------------------------

[6/]While *Ice* concerned the imposition of consecutive sentences for two state crimes, the Sixth Circuit has applied *Ice* to consecutively-imposed state and federal sentences. *United States v. Rainer*, 314 Fed. App'x 846, 848 (6th Cir. 2009).

[7/]Hall contends in his Objections to the Report and Recommendation that, despite the Supreme Court's holding in *Ice*, this Court should follow the Ohio Supreme Court's opinion in *Foster*, arguing that *Foster* could be affirmed on state constitutional grounds. [Doc. 11 at 4.]  However, a federal habeas court may only grant relief to a state prisoner if he is in custody in violation of Federal, not state, law.  28 U.S.C. § 2254(a).

Case No. 1:08-CV-1330
Gwin, J.

adversarial testing process work in the particular case." *Id.* at 690.  Judicial scrutiny of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *See id.* at 689.

Second, the movant must show that counsel's deficient performance prejudiced the defendant by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* at 687.  A habeas petitioner meets the second prong of the test by establishing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

The *Strickland* standard applies to challenges to guilty pleas.  In this context, "the first half of the *Strickland* . . . test is nothing more than a restatement of the standard of attorney competence . . . .  The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).  In other words, to satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).

Hall also raised his ineffective assistance claim to the Ohio Court of Appeals, in his Supplemental Assignment of Error.  Applying the two-pronged *Strickland* test, the Ohio appeals court found nothing in the record to indicate either that Hall's counsel's performance was deficient

-14-

Case No. 1:08-CV-1330
Gwin, J.

or that Hall was in any way prejudiced by his counsel.  [Doc. 5-1 at 134.]  In reviewing the state court record, this Court comes to the same conclusion.

At sentencing, Hall's counsel asked the trial court to impose his agreed-upon sentence concurrent with the sentence that the federal court had previously imposed. [Doc. 5-2 at 16.]  Hall's counsel indicated that Hall had "agreed to serve twelve years as it relates to this particular case" and acknowledged that the government objected to the imposition of concurrent sentences.  [*Id.* at 16-17.]  As described above, at Hall's  plea hearing, the trial judge explained to Hall that the state and federal governments were separate sovereignties that could independently charge and prosecute him. While the record does suggest that Hall objected to, and was perhaps surprised by, the judge's imposition of the sentences consecutively, there is no evidence that Hall's counsel misled Hall regarding the possibility of consecutive sentences.  To the contrary, based upon trial counsel's statements to the Court, Hall's counsel seemingly understood that the court could potentially impose the twelve-year state sentence to be served consecutively to the federal sentence, and requested that the court instead impose the sentences to run concurrently.

The Court finds that the state appeals court's decision is neither contrary to nor an unreasonable application of *Strickland v. Washington.*  Accordingly, the Court finds that Hall is not entitled to relief on his ineffective assistance claim.

### IV.  Conclusion

For the foregoing reasons, this Court **ADOPTS** the Report and Recommendation of Magistrate Judge Baughman and **DENIES** Petitioner Hall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

-15-

Case No. 1:08-CV-1330
Gwin, J.

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could be taken in good faith, and the Court hereby issues a certificate of appealability

pursuant to 28 U.S.C. 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) as to the First and Third

Grounds for Relief, to the extent that those claims allege that Hall's plea was not knowing or

voluntary and that his trial counsel was ineffective because the court and counsel failed to inform

and/or misled Hall regarding whether his state sentence could be imposed consecutively to his

federal sentence.

IT IS SO ORDERED.


Dated: November 24, 2009                        s/          *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE